No. 3799.—EUGENE BREAUX et al. v. LAUVE & McCALL.

An obligation given by a commercial firm to a third party, acknowledging an indebtedness, on account of land speculations between the parties, conditioned that it is to be paid out of the proceeds of the lands when sold, is suspensive in its character, and can not be enforced until the lands have been sold.

A suit for partition may, however, be entertained to divide the lands in kind, among the different claimants, and if a judicial sale is necessary to effect a partition, then, and in that case, the suspensive obligation may be enforced against the proceeds of the sale.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Posey*, J. *Barrow & Pope*, for plaintiffs and appellees. *A. & E. B. Talbott*, for defendants and appellants.

TALIAFERRO, J. This is an action by the representatives of Thomas Mille against Jones McCall and the representatives of Omer Lauve, who, with Jones McCall, composed the former copartnership of Lauve & McCall, for a partition of certain lands owned in common between the commercial firm of Lauve & McCall and Thomas Mille, and also

for the payment out of the proceeds of the sale of the property the obligation of Lauve & McCall to Mille for the payment of $7552 54, with eight per cent. interest from twenty-third March, 1855. McCall, and a part of the heirs of Lauve resist the claim of the plaintiffs and against the obligation to pay $7552 54, they plead the prescription of five and ten years. Of the other defendants, some acquiesce in the prayer for partition, others desire a partition in kind, and some answer by general denial.

The judgment of the lower court decreed a partition by sale, and directed the manner of making it, overruled the plea of prescription and ordered payment of the sum claimed to be made out of the proceeds of sale accruing to McCall and the heirs of Lauve. From this judgment McCall has appealed.

It appears that in the year 1854 a written agreement was entered into between Thomas Mille and the firm of Lauve & McCall for the purpose of buying public lands on speculation in equal shares between the partnership and Mille, the funds to make the entries with to be furnished by Mille, and Lauve & McCall were to execute their note for the payment of their half interest in each and every entry, payable proportionally as the lands are sold or disposed of. In March, 1855, Lauve & McCall executed the obligation sued upon in the following terms:

"NEW ORLEANS, March 23, 1855.

" We, the undersigned, acknowledge to be indebted to Mr. Thomas Mille to the sum of seven thousand seven hundred and fifty-two dollars and fifty-four cents, with interest at the rate of eight per cent. per annum for one-half of his disbursements in our account land speculations made between us and him as per agreement of the first day of July, 1854, duplicate of which is deposited in the hands of the interested parties; said sum, interest and expenses to be reimbursed to said Thomas Mille, proportionally, as the lands entered and purchased are sold or otherwise disposed of.

" (Signed)                         LAUVE & McCALL."

Indorsed: " New Orleans, March 7, 1860.

"We, the undersigned and drawers of the within note waive prescription of said note.

" (Signed)                         LAUVE & McCALL."

It is argued on the part of the plaintiffs that the action on the obligation is not prescribed, as the term for its performance has not arrived. The $7752 54 are to be paid proportionally as the land entered and purchased are sold, or otherwise disposed of; and the lands remain unsold, and have not been otherwise disposed of. The recovery of the sum specified out of the proceeds of the lands when sold, the plaintiffs contend is incidental to the partition, and the action of partition is not prescribed.

We think the case is with the plaintiffs. The obligation is clearly one contracted on, a suspensive condition depending on a future event, which has not yet taken place, viz: the sum expressed is to be paid proportionally as the lands entered and purchased are sold. It is not shown that any of the lands acquired by the parties under their agreement were ever sold. Mille, it appears, died in 1856, and the lands have remained in an undivided state ever since.

It is ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.